UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA STUART ROBINSON, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> LAS VEGAS METROPOLITAN POLICE ) <br> DEPARTMENT, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:21-cv-01072-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 15), filed by Defendant Las Vegas Metropolitan Police Department ("Defendant" or "LVMPD"). Plaintiff Barbara Stuart Robinson ("Plaintiff") filed a Response,[1] (ECF No. 18), and Defendant filed a Reply, (ECF No. 20).

For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.

I.  **BACKGROUND**

This case arises from alleged discriminatory conduct in violation of the U.S. Constitution and several NRS statutes purportedly committed by Defendant. (*See* Am. Compl. at 3, ECF 13). These violations stem from an alleged incident where an LVMPD officer did not provide Plaintiff a police report containing information about a 9-1-1 call regarding statements that lead to injuries to Plaintiff "because she was black." (*See id.*). On March 8, 2021, Plaintiff filed a complaint in Nevada state court, (Compl. at 4, Pet. Removal, ECF No. 1-1), and Defendant

---

[1] Plaintiff argues in her Response that Defendant failed to answer her Amended Complaint before filing the instant Motion. (*See* Resp. at 13, ECF No. 18). However, Rule 12(b) directs defendants to move to dismiss "before pleading if a responsive pleading is allowed," which is what Defendant did. Fed. R. Civ. P. 12(b); (*see also* Mot. Dismiss, ECF No. 15). In addition, Defendant filed its Motion less than twenty-one (21) days after Plaintiff filed her Amended Complaint, making it timely. (*Compare* Am. Compl., ECF No. 13), (*with* Mot. Dismiss). Therefore, the Court rejects Plaintiff's argument.

removed the case to federal court, (*see generally* Pet. Removal, ECF No. 1).  On June 17, 2021, Plaintiff filed the Amended Complaint, (*see generally* Am. Compl.),[2] to which Defendant filed the instant Motion, (*see generally* Mot. Dismiss ("MTD"), ECF No. 15).

## II. **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered."

---

[2] Plaintiff argues that she did not amend her complaint but merely supplemented it. (Resp. at 1).  However, Plaintiff titled the document that corresponds to ECF No. 13 as "Amended Complaint of Discrimination with Supporting Documentation," and she includes facts, causes of action, and types of damages in the Amended Complaint that were not part of her original Complaint. (*Compare* Am. Compl. at 1–4), (*with* Compl. at 1–3, Pet. Removal).  As such, the Court construes this document as Plaintiff's Amended Complaint.

*Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.   DISCUSSION

Plaintiff brings several claims against Defendant: (1) breach of duty; (2) malice; (3) violation of her Fourteenth Amendment rights; (4) harassment in violation of NRS 200.571; and (5) discrimination in violation of NRS 207.300.[3] (*See* Am. Compl. at 3). Defendant moves to dismiss Plaintiff's claims because she does not plead specific, factual allegations to support them. (MTD 5:2–4). Because the Court dismisses Plaintiff's breach of duty and malice claims, *see supra* note 3, the Court will discuss Plaintiff's remaining claims in turn.

---

[3] Plaintiff generally alleges that Defendant breached its duty to the public and committed malice but does not indicate which facts in her Complaint constitute a breach of duty or malice. As such, the Court dismisses without prejudice Plaintiff's breach of duty and malice claims for failure to state a claim. *See Ashcroft*, 556 U.S. at 678; *DeSoto*, 957 F.2d at 658.

### A. 42 U.S.C. § 1983: Fourteenth Amendment Violation

Plaintiff seemingly claims Defendant deprived her of her Fourteenth Amendment right against racial discrimination when an LVMPD officer failed to provide her with a police report containing information about a 9-1-1 call regarding statements that lead to injuries to Plaintiff "because she was black." (*See* Compl. at 2–3). Defendant first argues that failing to provide a police report does not violate an individual's constitutional rights. (*See* MTD 5:20–23). Defendant also argues Plaintiff does not support her § 1983 claim against a municipality because she does not detail an unlawful policy by Defendant, but only "discusses conduct by one officer on a single occasion." (*See id.* 6:10–19). Plaintiff does not argue that she properly stated her § 1983 claim. (*See generally* Resp.).

Section 1983 actions involve the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To bring a successful § 1983 claim, a plaintiff must allege (1) a violation of a constitutional right and (2) must show that the alleged violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Moreover, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Further, there is no *respondeat superior* liability for § 1983 claims. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). However, a municipality or local government may be liable under § 1983 for the acts of its employees or agents if the alleged violations of civil rights occur during the execution of that government's policy or custom. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "A policy can be one of action or inaction." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Thus, through its failure to act, a municipality may be liable under § 1983 for the acts of its employees or agents if: "(1) . . . a

county employee violated the plaintiff's constitutional rights; (2) . . . the county has customs or policies that amount to deliberate indifference; and (3) . . . these customs or policies were the moving force behind the employee's violation of constitutional rights. *Id.* at 1186 (citation omitted).  Liability is imposed when these elements are satisfied even if "the municipality's policies were facially constitutional, the municipality did not direct the employee to take the unconstitutional action, and the municipality did not have the state of mind required to prove the underlying violation." *Id.* (citing *City of Canton*, 489 U.S. at 387–89).

Here, Plaintiff fails to identify a cognizable constitutional violation.  Although Plaintiff alleges the LVMPD officer failed to provide her a police report, there is no constitutional right "to demand the police . . . produce a police report." *Greenberg v. City & Cty. of San Francisco*, No. 19-cv-00490-YGR, 2019 WL 4034016, at *1 (N.D. Cal. Aug. 27, 2019) (citing *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005)).  As such, Plaintiff does not provide sufficient allegations in her Amended Complaint to successfully bring a § 1983 claim. *West*, 487 U.S. at 49.  In addition, even if Plaintiff had a constitutionally protected right to obtain a police report, she does not allege that Defendant "has customs or policies that amount to deliberate indifference" or that "these customs or policies were the moving force behind the employee's violation of constitutional rights." (*See generally* Am. Compl.); *see also Bd. of Cty. Comm'rs of Bryan Cty., Okl.*, 520 U.S. at 410 (explaining that "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of [her] action.).  Thus, Plaintiff fails to state a claim for which relief may be granted.  Accordingly, because an individual does not have a constitutional right to obtain a police report, the Court dismisses with prejudice Plaintiff's § 1983 claim against Defendant. *DeSoto*, 957 F.2d at 658.

///

///

**B. Violation of NRS 200.571**

Next, Plaintiff seems to claim that Defendant is liable for harassment under NRS 200.571 because the LVMPD officer failed to provide her the police report "because she was black." (*See* Am. Comp. at 3). Defendant contends this claim fails as a matter of law because NRS 200.571 "does not create a basis for civil liability; it creates a criminal charge that can be prosecuted only by the government." (MTD 6:21–7:7). Plaintiff does not argue that she properly stated her NRS 200.571 claim. (*See generally* Resp.).

"[W]hen a statute does not expressly provide for a private cause of action, the absence of such a provision suggests that the Legislature did not intend for the statute to be enforced through a private cause of action." *Hybrid Int'l, LLC v. Scotia Int'l of Nevada, Inc.*, No. 2:19-cv-2077-JCM-EJY, 2020 WL 4289372, at *4 (D. Nev. July 27, 2020) (quoting *Richardson Const., Inc. v. Clark Cty. Sch. Dist.*, 123 Nev. 61, 65 (2007)). Although NRS 200.571 makes it a crime for a person to harass another person when certain elements are met, it does not create a civil cause of action. *Wallace v. Las Vegas Metro. Police Dep't*, No. 2:12-cv-979-RCJ-RJJ, 2012 WL 4361315, at *2 (D. Nev. Sept. 21, 2012). Because NRS 200.571 does not contemplate a civil cause of action, the Court accordingly dismisses with prejudice Plaintiff's harassment claim under NRS 200.571. *See Randazza v. Cox*, No. 2:12-cv-2040-JAD, 2014 WL 2123228, at *4 (D. Nev. May 21, 2014) (dismissing a plaintiff's harassment claim under NRS 200.571 with prejudice because the statute does not provide a private right of action); *DeSoto*, 957 F.2d at 658.

**C. Violation of NRS 207.300**

Finally, Plaintiff seemingly alleges that Defendant is liable for discrimination under NRS 207.300 because the LVMPD officer failed to provide her the police report "because she was black." (*See* Am. Comp. at 3). Defendant argues this claim also fails as a matter of law because NRS 207.300 is a criminal statute that does not allow a person to bring a civil action

from under it. (MTD 7:9–20).  Plaintiff does not argue that she properly stated her NRS 207.300 claim. (*See generally* Resp.).

NRS 207.300 makes it a crime to refuse to rent, lease, or sell real property based on race, among other immutable traits, but it does not provide for a private right of action. *See* NRS 207.300.  Here, given that NRS 207.300 does not create a private cause of action, Plaintiff's claim regarding this statute fails as a matter of law. *Hybrid Int'l, LLC*, 2020 WL 4289372, at *4.  Accordingly, the Court dismisses with prejudice Plaintiff's discrimination claim under NRS 207.300. *DeSoto*, 957 F.2d at 658.

In sum, the Court dismisses without prejudice Plaintiff's breach of duty and malice claims and dismisses with prejudice her claims regarding a violation of her Fourteenth Amendment rights, harassment in violation of NRS 200.571, and discrimination in violation of NRS 207.300.  If Plaintiff seeks to amend claims the Court dismisses without prejudice, she will have twenty-one (21) days after the Court enters this order to file a Second Amended Complaint.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 15), is **GRANTED**.

**IT IS FURTHER ORDERED** that if Plaintiff seeks to amend claims dismissed without prejudice, Plaintiff shall file an amended complaint within twenty-one (21) days from the entry of this order.

**DATED** this __31__ day of March, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT